Producciones Tommy Muñiz, Inc., demandante y recurrente, *v.* Leopoldo H. Fernández Alfonso, demandado y recurrido.

*Número:* R-68-67     *Resuelto:* 7 de noviembre de 1969

*Tomás Torres Marrero,* abogado del recurrente; *Manuel Orraca Torres,* abogado del recurrido.

El Juez Asociado Señor Santana Becerra emitió la opinión del Tribunal.

La peticionaria, Producciones Tommy Muñiz, Inc., interpuso demanda de *injunction* en la Sala de San Juan del Tribunal Superior contra Leopoldo H. Fernández Alfonso para que se le prohibiera actuar o trabajar en su capacidad de actor o libretista para ninguna otra persona que no fuera la peticionaria.

La razón de pedir se basó en un contrato otorgado por la peticionaria y el demandado en 8 de marzo de 1967 en virtud del cual la peticionaria, denominada "el promotor" y el demandado, denominado como "el artista" convinieron en que a partir de dicha fecha el promotor sería el representante exclusivo del artista en una serie de actividades y presentaciones todas ellas con fines pecuniarios. Estas actuaciones y

presentaciones incluían las fases de actor en todas sus habilidades y la de libretista, y se extendían a toda la Isla de Puerto Rico, a todos los Estados Unidos y al extranjero. La cláusula undécima del contrato dispuso que el artista se comprometía a pagar al promotor la suma de $5,000 por concepto de daños líquidos por razón del incumplimiento de los pactos del mismo.

Se alegó en la demanda que a pesar de la exclusividad de dicho contrato el demandado había violado sus disposiciones y se negaba a trabajar para la peticionaria, y por el contrario, estaba actuando y trabajando en la televisora W.K.V.M.—T.V. en Caguas en un programa diario producido por Raditell, Inc., todo ello sin consentimiento de la peticionaria. Pidió que se decretara un *injunction* para que el demandado cesara y desistiera de sus actividades en violación del contrato.

La demanda se interpuso el 20 de febrero de 1968. El 21 de febrero se decretó una orden de entredicho provisional y se señaló el 1ro. de marzo de 1968 para una vista sobre *injunction* preliminar. En esta fecha el demandado solicitó la desestimación del pleito por no aducir la demanda hechos constitutivos de causa de acción. La Sala sentenciadora declaró con lugar la desestimación en resolución de 5 de marzo de 1968 por el fundamento de que se había estipulado una cantidad como daños líquidos en caso de incumplimiento; visto lo dispuesto en el inciso 4 del Art. 677 del Código de Enjuiciamiento Civil, y conforme a nuestra decisión en *Núñez v. Soto Nussa, Juez*, 14 D.P.R. 199 (1908).[1]

La Sala concedió a la peticionaria 10 días para enmendar la demanda de ser ésta enmendable. La peticionaria no presentó demanda enmendada y por el contrario, en 11 de marzo

[1] El Art. 677 del Código de Enjuiciamiento Civil dispone que puede concederse un *injunction*: . . . . (4) Cuando una compensación pecuniaria no habría de proporcionar adecuado remedio. (5) Cuando fuere sumamente difícil precisar la cuantía de la compensación que habría de proporcionar remedio adecuado.

de 1968 radicó petición de *certiorari*. Expedimos el auto para revisar la referida resolución.

No es necesario que entremos en los méritos del asunto por las siguientes razones: Al contrato firmado en 8 de marzo de 1967 se le dio una vigencia de un año, pero se pactó que el mismo podría ser prorrogado por un año adicional, a opción del promotor. La demanda de *injunction* se radicó el 20 de febrero de 1968 cuando sólo faltaban 17 días para expirar el contrato original. Cuando se radicó la petición de *certiorari*, en 11 de marzo, ya había expirado ese término. No obstante, la peticionaria radicó constancia ante la Sala sentenciadora el día 11 de marzo de haber hecho uso de su derecho a prorrogar el contrato por un año adicional, que venció ya el 8 de marzo de 1969.

La cuestión litigiosa en estos momentos es enteramente insustancial y carece de consecuencias. La demanda se limitó a exigir el cumplimiento específico de las actuaciones del artista para el promotor, y que desistiera éste de trabajarle a terceras personas o por su cuenta. Cualquier determinación que hiciéramos del caso en los méritos, asumiendo que revocáramos a la Sala sentenciadora, no tendría consecuencia jurídica alguna ni dispondría ya de derecho alguno de las partes. Al artista no podría obligársele a estas alturas al cumplimiento específico. Como se dijo en el reciente caso de *Powell* v. *McCormack*, 395 U.S. 486, decidido el 16 de junio de 1969, un pleito se torna insubsistente cuando las cuestiones litigiosas presentadas carecen ya de "vida" o las partes no tienen ya un interés reconocible en el resultado del litigio. Este recurso carece igualmente de efecto secundario o colateral, y la cuestión envuelta no es una de aquellas de interés público o de la justicia que resurgen o se repiten periódicamente y deben resolverse. *Cf. Benton* v. *Maryland*, 395 U.S. 784, resuelto en Junio 23, 1969.

Por las razones expuestas procede el archivo del recurso.

Lo anteriormente dictaminado en nada afecta el derecho que pueda asistirle a la peticionaria para reclamar judicialmente daños o compensación pecuniaria por el alegado incumplimiento, si de otro modo su acción no tuviere impedimento en ley. La peticionaria prefirió no enmendar su demanda cuando se le dio la oportunidad para ello, y lo único que litiga es su derecho a un cumplimiento específico para ella y que el demandado desista de trabajar para otros.

*Se dictará sentencia decretando el archivo de este recurso.*

El Juez Presidente Señor Negrón Fernández no intervino.